IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KRISTEN FAULKNER, individually )<br>and as next friend to ELI AGUILAR, )<br>a minor, )<br>        Plaintiffs, )<br>        )<br>v. )<br>        )<br>THE CITY OF FRANKLIN, TENNESSEE, )<br>OFFICER ETHAN FULLILOVE, and )<br>OFFICER TYLER WIGGERS, )<br>        Defendants. ) | DOCKET NO. _____<br>JURY DEMAND |

## COMPLAINT

Comes now the Plaintiff, by and through her attorneys of record, and for cause of action against the Defendants, both jointly and severally, would respectfully state as follows:

### I. INTRODUCTION

1. This action is brought against the Defendants pursuant to 42 U.S.C. § 1983 for deprivation of civil rights secured by the Fourth and Fourteenth Amendment to the United States Constitution.

2. This action is brought additionally and alternatively pursuant to the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101 et seq.

### II. JURISDICTION AND VENUE

3. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

1

4. This is an action for redress for violations of the civil rights laws of the United States and jurisdiction of this Court is therefore invoked pursuant to 28 U.S.C. § 1343(a), 42 U.S.C. § 1983, and 20 U.S.C. § 1681(a).

5. This Court has supplemental jurisdiction for Plaintiff's Tennessee Governmental Tort Liability Act claims pursuant to 28 U.S.C. § 1367(a) because such claims are "so related to claims" within this Court's original jurisdiction "that they form part of the same case or controversy."

6. The acts and omissions and the resulting claims asserted in this Complaint occurred in and arose in Franklin, Williamson County in the State of Tennessee and in this District. Venue is thus properly laid in this Court pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

7. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

8. The Plaintiff Kristen Faulkner is a citizen and resident of Davidson County, Tennessee, residing at 205 Greenbranch Court, Nashville, Tennessee 37207. She brings this action individually and as next friend to Eli Aguilar, a minor child, citizen and resident of Davidson County, Tennessee, residing at 205 Greenbranch Court, Nashville, Tennessee 37207. Plaintiff Kristen Faulkner is Eli's natural mother and legal guardian. As such, Ms. Faulkner has standing to bring this action as next friend to Eli. At the time of the incident, Ms. Faulkner was obligated for the medical bills incurred by Eli as Eli was a minor on May 25, 2019. As such, Ms. Faulkner has standing to bring this action in her individual capacity. The Plaintiff is the proper party to bring this action in each of the above capacities.

9. Defendant THE CITY OF FRANKLIN, TN (hereinafter "FRANKLIN") is a political subdivision of the State of Tennessee. Defendant is and was at all times relevant responsible for the training and supervision of the named Defendants. FRANKLIN at all times relevant has the responsibility, and/ or delegated to the Franklin Chief of Police the responsibility to establish and implement policies, practices, procedures and customs, used by law enforcement officers employed by FRANKLIN regarding the use of force concerning pre- trial detainees. The City of Franklin can be served upon Shauna Billingsley, City Attorney, City of Franklin, 109 3rd Avenue South, Franklin, Tennessee 37064.

10. Defendant Ethan Fullilove was, at all times relevant hereto, an employee of the City of Franklin's Police Department. At all times relevant hereto, he was acting in the course and scope of his employment as a law enforcement officer with FRANKLIN. He is sued in his individual capacity for the federal civil rights claims alleged herein. Defendant Ethan Fullilove can be served at his place of business, City of Franklin Police Department, 900 Columbia Avenue, Franklin, Tennessee 37064

11. Defendant Tyler Wiggers was at all times relevant hereto, an employee of the City of Franklin's Police Department. At all times relevant hereto, he was acting in the course and scope of his employment as a law enforcement officer with FRANKLIN. He is sued in his individual capacity for the federal civil rights claims alleged herein. Defendant Tyler Wiggers can be served at his place of business, City of Franklin Police Department, 900 Columbia Avenue, Franklin, Tennessee 37064.

12. Each Defendant, individually and in conspiracy with one another, were acting in the course and scope of their employment, and under color of state law at all times material to the allegations contained in this Complaint.

## IV. STATEMENT OF FACTS

13. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

14. On May 25, 2019, Eli Aguilar, a minor, was spending the afternoon at the Cool Springs Galleria. He was at the mall with a friend, also a minor. At a point in time, two young ladies walked past Mr. Aguilar and his friend. Aguilar's friend made a comment to the girls suggesting he wanted to "hang out" with them. Although the young ladies apparently took offense to the remark, the boys thought little of it. Aguilar's friend then told Aguilar he was going to the Nike store to shop. Aguilar said, "with what?" His friend then pulled out cash. Mr. Aguilar said "I am going to rob you" in a joking manner.

15. Aguilar and his friend ultimately ended up in the food court. Unbeknownst to Aguilar, the girls overheard his last remark and thought it was directed to them. In fear, one of the girls apparently called the police. Aguilar and his friend were in the food court when the police arrived.

16. The police began to question Aguilar. He asked if he was being detained. He was told he was not so he began to walk away. Shortly thereafter, he was tackled from behind by a City of Franklin police officer.

17. After Aguilar was taken to the ground, he was handcuffed by the police officers. Aguilar was then stood up by one of the officers. That officer then placed his right arm around Aguilar's neck from behind and took Aguilar to the ground while Aguilar remained handcuffed.

18. While Aguilar was on the ground at this time, he was restrained and still handcuffed and was not resisting in any fashion.

19. Defendants Ethan Fullilove and Tyler Wiggers then, individually and collectively, yanked Aguilar up by the arm with such force as to fracture his left wrist. Such force was excessive, unnecessary, malicious, and sadistic. No such force was necessary to assist Mr. Aguilar to his feet.

20. Defendant Fullilove's and Defendant Wiggers's manner of yanking Mr. Aguilar to his feet with such force while he was handcuffed was excessive and served no valid law enforcement purpose because Mr. Aguilar was already detained in handcuffs, surrounded by officers, and not a threat. Defendants had other alternatives to facilitate the arrest that would have not required such excessive force without compromising officer safety, such as allowing Mr. Aguilar to stand up on his own or pulling him up from the ground in a less forceful manner.

21. All aforementioned events are stated upon information and belief. It should be noted that the above events were recorded and preserved by video camera.

22. After said incident, it was determined that Mr. Aguilar's injuries were so severe as to require him to be transported to the Vanderbilt University Medical Center, where he was treated for injuries to both wrists and ultimately came under the care of an orthopedic surgeon for ongoing care

23. As a direct and proximate result of the above described acts, Mr. Aguilar sustained significant injury from which he suffered and continues to suffer great physical and emotional pain. He has incurred and will continue to incur significant medical care and expense,

5

Case 3:20-cv-00424   Document 1   Filed 05/18/20   Page 5 of 9 PageID #: 5

for which the Plaintiff Faulkner, his mother, is legally liable. He has further suffered a permanent impairment as well as pain and suffering and loss of ability to enjoy life.

### V. FEDERAL CLAIM FOR RELIEF (42 U.S.C. § 1983) AGAINST OFFICERS FULLILOVE AND WIGGERS IN THEIR INDIVIDUAL CAPACITIES

24. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

25. The actions and inactions of Defendants Fullilove and Wiggers which resulted in the Mr. Aguilar's injuries were done under color of state law and in a manner which caused him to suffer constitutional violations. Specifically, the Defendants operated to violate the right of Mr. Aguilar not to be subjected to excessive force and unlawful seizure under the Fourth and Fourteenth Amendments, which protects an arrestee from the use of excessive force that amounts to gratuitous violence or punishment and does not serve a legitimate governmental purpose, particularly as here when the person is already retrained. A reasonable person would have known that this constitutional right was clearly established at the time the alleged wrongful conduct occurred, and that such conduct violated that right.

26. Defendants operated to violate Mr. Aguilar's civil rights as protected by the Civil Rights Act of 1871, 42 U.S.C. § 1983.

27. The conduct of Defendants in this matter was intentional, reckless, deliberate, unjustified, excessive, gratuitous and was indicative of their disregard of and indifference to Mr. Aguilar's wellbeing which led to the unnecessary infliction of pain and suffering, and the deprivation of his constitutional rights to be free from excessive force that amounts to punishment.

28. The amount of force used in this case constituted gratuitous violence and was grossly disproportionate to the need to apply force or maintain discipline, particularly in light of

the minimal severity of the alleged crime, the fact that Mr. Aguilar did not pose an immediate threat, and the fact that Mr. Aguilar was not actively resisting or attempting to evade arrest.

29. The force used here was not in a good faith effort to maintain or restore discipline in circumstances under haste, under pressure, and without the luxury of a second chance. Rather, Defendants acted excessively, intentionally, and without a legitimate law enforcement purpose.

30. As a direct and proximate result of the unlawful conduct of Defendant, Mr. Aguilar suffered injury from the deprivation of his civil rights as protected by the Fourteenth Amendment and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

## VI. STATE LAW CLAIMS FOR RELIEF, IN THE ALTERNATIVE
## NEGLIGENCE

31. Plaintiff as Aguilar's representative re-alleges and incorporates by reference all preceding paragraphs.

32. In addition and in the alternative to the above federal law claims, Plaintiff asserts claims pursuant to the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101 et seq.

33. Defendant FRANKLIN, through its agents Defendants Fullilove and Defendant Wiggers, owed a duty of due care to Aguilar to refrain from handling him in a negligent fashion that could, would and ultimately did cause injury to him.

34. Defendant FRANKLIN, through its agents Defendants Fullilove and Defendant Wiggers, breached said duty when said agents engaged in the actions described more fully within this Complaint.

35. Defendant FRANKLIN, through its agents Defendants Fullilove and Defendant Wiggers, acted negligently in aggressively snatching Aguilar from the ground by the arm while he was handcuffed instead of using lesser force, or allowing him to stand up on his own. Such negligence was a direct and proximate cause of the Plaintiff's injuries.

## VII. PRAYERS FOR RELIEF

36. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

37. That process issued to the Defendants and that they be required to answer in the time required by law.

38. That judgment be rendered in favor of the Plaintiff and against the Defendants on all causes of action asserted herein.

39. That Plaintiff be awarded those damages to which it may appear that she is entitled both individually and in her representative capacity by proof submitted in this case for Mr. Aguilar's physical and mental pain and suffering both past and future, loss of enjoyment of life, and the violation of his rights guaranteed to him by the Fourteenth Amendment to the Constitution of the United States in an amount of no more than three hundred thousand dollars ($300,000.00).

40. That as to all Defendants the Plaintiff be awarded reasonable expenses including reasonable attorneys fees and expert fees and discretionary costs pursuant to 42 U.S.C. § 1988 (b) and (c).

41. That the Plaintiff be awarded all damages compensable by the Tennessee Governmental Tort Liability Act.

42. That the Plaintiff receive any other further and general relief to which it may appear that he is entitled

43. That a jury is demanded.


Respectfully submitted,

**/s/David J. Weissman**
David J. Weissman (BPR #25188)
Benjamin K. Raybin (BPR #29350)
RAYBIN & WEISSMAN, P.C.
424 Church Street, Suite 2120
Nashville, Tennessee 37219
(615) 256-6666
(615) 254-4254- fax
dweissman@nashvilletnlaw.com
braybin@nashvilletnlaw.com
*Attorneys for Plaintiffs*